**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

STANLEY QUINN,
          Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DOCKET NUMBER
SF-0752-21-0097-I-1

DATE: March 29, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John T. Harrington, Esquire, Washington, D.C., for the appellant.

Matt Hughes, Esquire, and Simon Caine, Esquire, Joint Base Andrews,
    Maryland, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained the agency's chapter 75 removal of the appellant from his position as a GS-12 Sexual Assault Prevention and Response Program Manager based on the following charges: (1) failure to meet a condition of employment; (2) conduct

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

unbecoming a Federal employee supervisor; (3) failure to follow procedures; and (4) negligent performance of duties. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

<u>We discern no basis to disturb the administrative judge's conclusion that the agency proved charge 2, i.e., conduct unbecoming a Federal employee supervisor.</u>

¶2        The appellant argues that the agency failed to prove its second charge, i.e., conduct unbecoming a Federal employee supervisor.[2] Petition for Review (PFR) File, Tab 1 at 15-23. To this end, he contends that the administrative judge failed to sufficiently explain either the legal standard applicable to the charge or why

---

[2] Charge 1, i.e., failure to meet a condition of employment, stemmed from the revocation of the appellant's Defense Sexual Assault Advocate Certification Program certification. Initial Appeal File (IAF), Tab 5 at 35, Tab 6 at 22-24. The revocation of the appellant's certification was premised in part on the conduct underlying charges 2‑4, i.e., conduct unbecoming a Federal employee supervisor, failure to follow procedures, and negligent performance of duties; accordingly, the appellant's challenges to the administrative judge's conclusions regarding charge 2 necessarily implicate charge 1. IAF, Tab 5 at 35-36, Tab 6 at 22-24.

the appellant's conduct satisfied the subject standard.[3]  *Id*. at 16-17.  He also avers that the administrative judge made erroneous and/or insufficient credibility determinations insofar as one of the witnesses provided conflicting versions of the events underlying the charge whereas his version of events remained consistent.  *Id*. at 17-23.  We find these assertions unavailing.

¶3        A charge of "conduct unbecoming" has no specific elements of proof; it is established by proving that the employee committed the acts alleged in support of the broad label.  *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010); *see Miles v. Department of the Army*, 55 M.S.P.R. 633, 637 (1992) (explaining that, to sustain a charge of conduct unbecoming a Federal employee, the agency must demonstrate that the conduct in question was unattractive, unsuitable, or detracted from the employee's character).  Contrary to the appellant's assertions, the administrative judge set forth this legal standard in his initial decision, Initial Appeal File (IAF), Tab 38, Initial Decision (ID) at 11, and provided a thorough analysis to support his conclusion that the agency had proved all four of the specifications underlying the charge, ID at 11‑22; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing); *see also Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).  Moreover, the bulk of the appellant's arguments regarding this charge pertain to the first of the four

---

[3] The appellant also argues that, in analyzing this charge, "[m]itigating factors such as [the appellant's] long reputation for good character and performance should have been discussed."  PFR File, Tab 1 at 17.  The administrative judge, however, specifically considered "the appellant's character references and strong performance background" in assessing witness credibility.  ID at 18.

specifications underlying the charge, i.e., that, while in his work area and in the presence of two subordinates, the appellant described a hypothetical scenario in which he was engaging in oral sex with one of his subordinates. PFR File, Tab 1 at 15-21; IAF, Tab 5 at 35. As set forth in the initial decision, the appellant admitted to the conduct underlying the specification as set forth in the agency's notice of proposed removal; thus, credibility determinations were not relevant to this specification. ID at 12-13; IAF, Tab 5 at 35. The administrative judge considered the appellant's contention that he had intended the hypothetical to present a learning opportunity, but nonetheless found that the appellant's conduct was improper, unsuitable, and/or detracted from the appellant's character or reputation. ID at 13. We agree that a supervisor describing engaging in oral sex with a subordinate in front of both the named subordinate and another subordinate, particularly a supervisor holding the position of Sexual Assault Prevention and Response Program Manager, reflects poor judgment and is improper regardless of the appellant's purported justification for doing so. *See Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010) (stating that agencies are entitled to hold supervisors to a higher standard than nonsupervisors because they occupy positions of trust and responsibility). This specification alone is sufficient to sustain the charge. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (explaining that, when more than one specification supports a single charge, proof of one or more of the supporting specifications is sufficient to sustain the charge). Thus, the appellant's assertions do not warrant a different outcome.

We discern no basis to disturb the administrative judge's conclusion that the appellant failed to prove his affirmative defense of discrimination on the basis of his sex.

¶4    The appellant contends that the administrative judge erred in finding that he failed to prove his affirmative defense of discrimination on the basis of his sex. PFR File, Tab 1 at 23-26. To this end, he avers that the allegations against him

"did not add up" and, therefore, the allegations were "merely pretext for discrimination against him based on his gender." *Id*. at 23-25. The appellant also asserts that he is aware of "multiple male managers who [have been] similarly removed because of similar allegations of harassment," some of whom were allegedly removed as the result of claims made by one of the witnesses who testified against the appellant. *Id*. at 25. We find these assertions unavailing.

¶5        Here, the administrative judge properly explained that it was the appellant's burden to prove by preponderant evidence that the prohibited consideration, i.e., his sex, was a motivating factor in his removal and, if he did, the agency would be required to prove by preponderant evidence that it would have taken the same action in the absence of the prohibited consideration. ID at 26-28 (citing, *e.g.*, *Savage v. Department of the Army*, [122 M.S.P.R. 612](#) (2015)). The administrative judge thoroughly considered the appellant's claims but concluded that he had presented no evidence to substantiate his assertion that the agency's action was motivated by his sex.[4] ID at 30. To this end, he explained that the appellant had introduced "little specific information" about any other supervisory employees who had allegedly been disciplined for similar conduct and that, even assuming other male supervisors had been disciplined for such conduct, it was unclear how such evidence would show that the agency unlawfully removed the appellant due to his sex. ID at 29. We discern no basis to disturb this conclusion.

<u>We discern no basis to disturb the administrative judge's conclusion that the penalty of removal was reasonable under the circumstances.</u>

¶6        Last, the appellant argues that the penalty of removal was unreasonable under the circumstances. PFR File, Tab 1 at 26-27. To this end, he reasserts that the agency failed to prove the first two charges and, therefore, that he is "only

---

[4] Because we discern no error with the administrative judge's motivating factor analysis or conclusion regarding the appellant's discrimination claim, we do not reach the question of whether his sex was a "but for" cause of the removal action. *See Babb v. Wilkie*, 589 U.S. ___, [140 S. Ct. 1168](#), 1177-78 (2020).

responsible for [c]harges 3 and 4," i.e., failure to follow procedures and negligent performance of duties.[5]  *Id.*  He also avers that he has no prior disciplinary record, exemplary performance reviews, good character references, potential for rehabilitation, and that he has acknowledged his mistakes regarding the latter two charges.  *Id*. at 27.

¶7        When, as here, the agency's charges are sustained, the Board will review an agency imposed penalty only to determine if the agency considered all of the relevant factors and exercised discretion within tolerable limits of reasonableness. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).  In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised.  *Ellis*, 114 M.S.P.R. 407, ¶ 11; *Douglas*, 5 M.S.P.R. at 306.  The Board will modify an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness.  *Ellis*, 114 M.S.P.R. 407, ¶ 11.

¶8        Here, the administrative judge applied the proper legal standard and concluded that the agency's selected penalty of removal was not unwarranted under the circumstances and was within the tolerable bounds of reasonableness. ID at 31-33; *see Ellis*, 114 M.S.P.R. 407, ¶ 11.  To this end, he reasoned that the deciding official had credibly testified regarding his careful consideration of the *Douglas* factors.  ID at 31-32; *see Haebe*, 288 F.3d at 1301; *see also Douglas*, 5 M.S.P.R. at 305‑06.  Indeed, as set forth in the initial decision, the deciding

---

[5] The appellant's argument in this regard is misguided.  Indeed, as stated, charge 1, i.e., failure to meet a condition of employment, stemmed from the revocation of the appellant's Defense Sexual Assault Advocate Certification Program certification.  IAF, Tab 5 at 35.  The revocation of the appellant's certification was premised in part on the conduct underlying charges 3 and 4.  ID at 5; IAF, Tab 6 at 22-24.

official took into consideration both aggravating factors, including the nature and seriousness of the offenses and the appellant's supervisory status, and mitigating factors, including the appellant's lack of prior discipline.  ID at 31-32; IAF, Tab 5 at 60.  We discern no shortcomings with the agency's weighing of the *Douglas* factors, and we agree with the administrative judge's conclusion that the appellant's removal did not clearly exceed the bounds of reasonableness.  ID at 33; *see Luongo v. Department of Justice*, 95 M.S.P.R. 643, ¶¶ 2-3, 16 (2004) (concluding that removal was an appropriate penalty for misconduct involving improper sexual remarks and innuendo), *aff'd,* 123 F. App'x 405 (Fed. Cir. 2005); *see also Benally v. Department of the Interior*, 71 M.S.P.R. 537, 539‑40 (1996) (finding appropriate the appellant's removal for failure to maintain a driver's license when the appellant's lack of the same directly impacted his ability to do his job).

¶9      Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.